IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WALLACE SHARIK WINSTEAD,**

    **Plaintiff,**

v.                           Civil action no. 1:12cv10
                               (Judge Keeley)

**LT. R.E. BRINSON,
LT. STAUFFER,
CORRECTIONAL OFFICER GOLDIZEN
CORRECTIONAL OFFICER S. HIXENBAUGH,
CORRECTIONAL OFFICER B ICE,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On January 12, 2012, the plaintiff initiated this civil rights complaint against the above-named defendants, all of whom were employed at USP Hazelton. In addition, the plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, together with a Prisoner Trust Account Report and Consent to Collection. On January 13, 2012, the plaintiff was granted leave to proceed *in forma pauperis* and on February 18, 2012, he paid the required initial partial filing fee. On April 17, 2012, after an initial screening, the undersigned found that summary dismissal was not appropriate at that time. Therefore, the Clerk was directed to issue a sixty (60) day summons for each defendant.

On May 25, 2012, the plaintiff filed a Motion for leave to file an amended complaint. Said motion was granted on June 14, 2012, and the plaintiff was directed to file an amended complaint on this court's approved form which set out each and every claim he was making and noting that the

1

amended complaint would supercede his original complaint. The plaintiff filed his amended complaint on June 23, 2012. On July 19, 2012, the defendants filed a Motion to Dismiss or, in the alternative, for Summary Judgment. On July 20, 2012, the plaintiff was issued a Roseboro Notice. On August 3, 2012, the plaintiff filed a Declaration in Opposition to the defendants' Motion. On September 28, 2012, the plaintiff filed a supplemental response to the Roseboro Notice, and on October 10, 2012, the defendants filed a reply.

## II. Issues Presented

### A. The Complaint

In his complaint, the plaintiff alleges that he is a particularly vulnerable transsexual, who was incarcerated under conditions that exposed him to a substantial risk of sexual assault or other serious harm. The plaintiff maintains that on October 1, 2010, he requested voluntary protective custody. The plaintiff alleges that he was placed in a cell with inmate S. Wilson, with whom he had previously shared a cell. The plaintiff alleges that he informed staff that inmate Wilson had previously subjected him to sexually abusive behavior and that placing them in the same cell again would be place him at substantial risk of harm. The plaintiff contends that there should have been a keep away order in place regarding inmate Wilson. The plaintiff further alleges that he was placed in the cell with inmate Wilson over his vehement protestations, The plaintiff maintains that on October 4, 2010, he was forcibly raped by inmate Wilson in his cell in the Special Housing Unit. The plaintiff indicates that he was transported to the Monongalia General Hospital for a rape protocol kit. For relief, the plaintiff seeks compensatory and punitive damages.

### B. The Defendant's Answer

For their answer, the defendants filed a Motion to Dismiss or, on the alternative, Motion for Summary Judgment. In support of their motion, the defendants allege that the plaintiff failed to exhaust

his administrative remedies on any of the issues raised in his Bivens complaint.

### C. The Plaintiff's Response

In response to the defendants' Motion to Dismiss or, for Summary Judgment, the plaintiff alleges that around October 5, 2010, he had a private conversation with Warden Terry O'Brien. He maintains that he subsequently filed a "sensitive" BP9 on October 6, 2010 through the inmate mail. The plaintiff maintains that he never received a response, and therefore, filed a succession of BP8s and BP9s. The plaintiff further maintains that he exhausted all of his administrative remedies by January of 2012, at which time he moved forward with this civil suit. The plaintiff also indicates that he filed a Freedom of Information Act in an effort to discover where all of his administrative remedies had disappeared. The plaintiff maintains that every time he submitted administrative remedies through staff or monitored inmate mail they either got rejected or never made it to the BOP. The plaintiff maintains that prison officials failure to respond to his grievances rendered them "unavailable."

### D. The Defendants' Reply

In response to the plaintiff's allegation that he was "thwarted" in his efforts to exhaust his administrative remedies, the defendants first note that there is no record in the BOP computerized system that the plaintiff ever filed a sensitive BP-9 in October of 2010. However, the defendants note that even if he did send a sensitive BP-9 that somehow got lost in the mail, it is irrelevant. What is relevant, according to the defendants, is that the plaintiff filed a BP-9 on February 4, 2011, while at USP Terre Haute, Indiana, but did not complete his administrative remedies as required by BOP regulations.

## III. Standard of Review

### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,

it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id). (citations omitted), to one that is "plausible on its face," (Id). at 570, rather than merely "conceivable." (Id). Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme

4

Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. (Id).

**B. Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon , 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." (Id) "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the

5

underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986).

## IV. Analysis

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R. § 542.10-

---

[1] Id.

542.15; <u>Gibbs v. Bureau of Prison Office, FCI</u>, 986 F.Supp. 941, 943 (D.Md. 1997).

Exhibits tendered by the defendants demonstrate that the plaintiff filed a BP9 on February 4, 2011, while at the United States Penitentiary located in Terre Haute, Indiana. It was assigned Remedy ID Number 625152-F1 and alleged that he was sexually assaulted by another inmate while housed at USP Hazelton. Although the administrative remedy was untimely, because he did not file it within 20 days of the event about which he was complaining, the institution did not reject it for that reason. However, it was rejected that same day because he had not submitted the remedy through his counselor, and because he had not filed an informal resolution. He was told that he could resubmit the remedy within 10 days.

Instead of refiling at the institutional level, or appealing the rejection to the Regional Office, the plaintiff submitted Remedy ID Number 625152-A1 directly to the Central Office on February 23, 2011. On March 3, 2011, the Central Office rejected his administrative remedy appeal and informed him that he must wait until he got a response from the institution, and then appeal to the regional before filing at the Central Office.

On March 2, 2011, the plaintiff refiled his administrative remedy at the institutional level and it was assigned Remedy ID Number 625152-F2. The institution accepted his administrative remedy and answered it on April 27, 2011. The response informed him that he could appeal to the Regional Director within 20 calendar days. The plaintiff never appealed the institution's response. Accordingly, the records of the BOP establish that the plaintiff did not exhaust his administrative remedies with respect to the claim raised in this case.

The undersigned recognizes that several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied

forms necessary to complete administrative exhaustion); Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004)(defendant may be estopped from asserting exhaustion as a defense where the defendant's actions render the grievance procedure unavailable); Aceves v. Swanson, 75 Fed.Appx. 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy is not available within the meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Dotson v. Allen, 2006 WL 2945967 (S.D.Ga. Oct. 13, 2006) (dismissal for failure to exhaust not appropriate where the plaintiff argues that failure to exhaust was direct result of prison official's failure to provide him with the necessary appeal forms).

In this case, the plaintiff does not allege that prison officials failed to provide him the appropriate forms. Rather, he has submitted a print out of administrative remedies that he filed; many of which were, rejected. (Doc. 57-1). The plaintiff appears to allege that these rejection notices were issued simply in an effort to prevent him from exhausting his remedies. The undersigned recognizes that many of the plaintiff's administrative remedies were rejected at the facility and regional levels. Most of those rejections occurred before the plaintiff successfully filed his facility grievance on March 2, 2011. Moreover, even though that grievance was untimely, it was accepted and answered with a notice that he could appeal within 20 days. The plaintiff, however, failed to file the required appeal to the regional director or general counsel and offers no reason for that failure. Furthermore, although the plaintiff has filed grievances at all three levels regarding the sexual assault at Hazelton, he has never filed an administrative grievance in a proper fashion through all three levels. The plaintiff's grievance, filed on March 2, 2011, and assigned ID. No. 625152-F2 is the only grievance related to the sexual assault which was properly filed at the facility level, and he did not pursue this remedy beyond the BP-9 level Accordingly, the plaintiff has failed to exhaust his administrative remedies, can no longer do so,

and has not demonstrated that actions by the BOP rendered the administrative process unavailable.

## V. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the defendants' Motion to Dismiss or in the alternative, Motion for Summary Judgment (Doc. 36) be **GRANTED** and the plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: October 30, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE