**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**WALLACE SHARIK WINSTEAD,**

    **Petitioner,**

v. //     **CIVIL ACTION NO. 1:12CV10**
                                        **(Judge Keeley)**

**LT. R.E. BRINSON, LT. SHAFFER,
C.O. GOLDIZEN, CO. HIXENBAUGH,
CO. ICE,**

    **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING THE CASE WITHOUT PREJUDICE

Pending before the Court is the magistrate judge's Report and Recommendation ("R&R") concerning the 42 U.S.C. § 1983 claim filed by the pro se petitioner, Wallace Sharik Winstead ("Winstead"). For the reasons discussed below, the Court **ADOPTS** the R&R and **DISMISSES** this case **WITHOUT PREJUDICE.**

**I.**

On January 12, 2012, Winstead filed a pro se complaint pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1985), alleging that correctional officers at United States Penitentiary Hazelton, in Bruceton Mills, West Virginia, failed to recognize the unreasonable risk that housing him with another inmate, a known sexual predator, would result in

his rape. (dkt. no. 1).[1] On June 22, 2012, by leave of the Court, Winstead filed an amended complaint in which he alleged additional facts in support of his claim.(dkt. no. 28).

On July 19, 2012, the defendants filed a Motion to Dismiss, or alternatively, Motion for Summary Judgment. (dkt. no. 36) The magistrate judge issued a Roseboro notice to the petitioner the following day. (dkt. no. 40). Winstead then responded to the defendants' Motion to Dismiss on August 3, 2012, and also filed an additional memorandum in opposition on October 9, 2012 (dkt. no. 58). On September 28, 2012, Winstead also filed a so-called "Supplemental Response" to the Roseboro Notice (dkt. no. 57), to which the defendants responded on October 10, 2012. (dkt. no. 59).

The magistrate judge issued his R&R on October 30, 2012, in which he recommended that the defendants' motion for summary judgment be granted and Winstead's Bivens action be denied and dismissed with prejudice because Winstead had failed to exhaust all his administrative remedies prior to commencing the suit at bar. (dkt. no. 60). Winstead filed timely objections to the R&R on November 14, 2012 (dkt. no. 66), contending that any failure on his part to exhaust available administrative remedies was either the

---

[1] The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with LR PL P 2.

product of the negligence of the Bureau of Prisons ("BOP") or that agency's collective intention to deprive him of relief. After conducting a de novo review, the Court concludes that Winstead's objections are without merit.

## II.

As the magistrate judge construed the defendants' motion below as a motion for summary judgment, the Court will apply that standard of review to the case at bar. A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party has the burden of showing "that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the nonmovant must set forth specific facts, admissible in evidence, that demonstrate the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(c); id. at 322-23. Even if there is no dispute as to the evidentiary facts, however, summary judgment is

not appropriate where the ultimate factual conclusions are in dispute. Overstreet v. Ky. Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

In applying this standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex, 477 U.S. at 322-23. It also must avoid weighing the evidence or determining the truth, and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson, 477 U.S. at 248.

### III.

A federal prisoner may bring a civil suit against federal actors for violating his federal or constitutional rights. Bivens, 403 U.S. at 395. The administrative exhaustion requirements of the Prison Litigation Reform Act ("PLRA") apply to Bivens actions, Porter v. Nussle, 534 U.S. 516, 524 (2002); Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 677 (4th Cir. 2005), thus rendering administrative exhaustion a mandatory prerequisite for a prisoner seeking to file a Bivens complaint. Porter, 534 U.S. at 524.

Furthermore, to properly exhaust his administrative remedies, the prisoner must meet all the time and procedural requirements of the prison grievance system. Woodford v. Ngo, 548 U.S. 81, 91 (2006). A prisoner's failure to exhaust his administrative remedies

is not a jurisdictional bar, but an affirmative defense. Jones v. Bock, 549 U.S. 199, 211-12 (2007).

The Prison Litigation Reform Act ("PLRA") provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As explained in the R&R (dkt. no. 60 at 6), the BOP utilizes a four-level process of administrative review. First, the prisoner must attempt to resolve the alleged issue informally. 28 C.F.R. § 542.13. If a resolution is not reached, the prisoner may file an Administrative Remedy Request with his warden within twenty calendar days following the date of the event giving rise to the event. 28 CFR § 542.14. If the prisoner is unsatisfied with the warden's response, he may appeal the warden's decision to the BOP Regional Director. 28 CFR § 542.15. The prisoner may then appeal the Regional Director's decision to the BOP General Counsel. Id. Importantly, an inmate may not raise an issue on appeal that he did not raise in his lower level filing, id., and all available administrative remedies must be exhausted before the complaint is filed in federal court. Booth v. Churner, 532 U.S. 731, 739 (2000).

In his amended complaint, Winstead states that he exhausted all available administrative remedies prior to bringing this suit.

5

(dkt. no. 28 at 5). Based on the evidence adduced by the defendants to support their affirmative defense that Winstead failed to exhaust his administrative remedies, however, this statement has no basis in fact. According to BOP records, Winstead filed a complaint with USP Hazelton Warden Terry O'Brien ("O'Brien") on February 4, 2011, in which he claimed he had been sexually assaulted by another inmate. (dkt. no. 59-2 at 2). That complaint was rejected the same day because Winstead had failed to file it through his counselor, and also because he had not first filed an informal complaint. (dkt. no. 37-1 at 3). Rather than refiling at the institutional level, or appealing the rejection at the regional level, Winstead re-filed the complaint with the BOP Office of General Counsel, id. at 4, which rejected the complaint because Winstead had not first obtained a decision at the institutional level. Id.

Winstead then re-filed the same complaint at the institutional level. Id. Although Warden O'Brien answered the complaint and informed Winstead of his right to appeal to the regional level, Winstead failed to do so. Id. Because he never pursued his complaint through all levels of the BOP grievance procedure, Winstead clearly failed to exhaust his administrative remedies and therefore may not pursue relief via a Bivens action in this Court.

As the magistrate judge correctly recognized, the PLRA's exhaustion requirement may be excused in certain factual scenarios.

For example, in Mitchell v. Horn, 318 F.3d 523 (3rd Cir. 2003), the Third Circuit excused the petitioner's failure to exhaust where prison officials denied the plaintiff the necessary grievance forms. See also Ziemba v. Wezner, 366 F.3d 161 (2d Cir. 2004). Winstead, however, cannot claim that the BOP did not provide him the forms necessary to pursue his administrative remedies; in point of fact, he has submitted forty-five requests for administrative remedies during his imprisonment, thirty of which were filed after he initially complained of sexual assault at the hands of another inmate on February 4, 2011. (dkt. nos. 59-1 at 2; 59-2 at 2-4).

Further, when balanced against the policy goals of the PLRA, see Porter, 534 U.S. at 524 ("Congress enacted [the administrative exhaustion requirements] to reduce the quantity and improve the quality of prisoner suits. . . ."), Winstead's vague assertions that the BOP "employed subversive tactics" to "thwart[] his efforts to exhaust his administrative remedies" (dkt. no. 66 at 1, 2) are insufficient to excuse the exhaustion requirements, especially in consideration of the number of complaints that Winstead filed after his initial complaint of sexual assault on February 4, 2011.

Finally, Winstead's reference to a missing "sensitive" BP-9 form allegedly hand-delivered to Warden O'Brien is irrelevant to the question of whether he exhausted his administrative remedies prior to commencing this action. See dkt. no. 59-1 at 2 (affidavit

7

of BOP Legal Assistant and Administrative Remedy Clerk, stating that no "sensitive" BP-9 was ever filed at the regional office on Winstead's behalf). Beyond his own protestations, therefore, Winstead has adduced no evidence that such a form ever existed;, nor has he offered facts to explain what may have become of the form, if indeed it did exist. At bottom, the records of the BOP establish that Winstead failed to pursue available administrative remedies to their proper conclusion, and the Court agrees with the recommendation of the magistrate judge that Winstead has offered no credible reason to excuse the exhaustion requirements of the PLRA.

**IV.**

For the reasons discussed, the Court:

1. **ADOPTS** the Report and Recommendation (dkt. no. 60);

2. **GRANTS** the defendants' Motion for Summary Judgment (dkt. no. 36);

3. **DENIES AS MOOT** Winstead's Motion for Appointment of Counsel (dkt. no. 65); and

4. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of

**WINSTEAD V. BRINSON**                                                        1:12CV10

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING THE CASE WITHOUT PREJUDICE**

the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: December 18, 2012.

>                                /s/ Irene M. Keeley
>                                IRENE M. KEELEY
>                                UNITED STATES DISTRICT JUDGE